

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUN 16  P 12: 32

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Mark W. Crooks
Assistant United States Attorney
Mark.Crooks@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4867
MAIN: 410-209-4800
FAX: 410-962-0716

May 27, 2014

Mr. Gary Christopher, Esq.
Office of the Federal Public Defender, District of Maryland
100 South Charles Street
Tower II, Suite 900
Baltimore, MD 21201

    Re:    United States v. Austin Portner (Criminal No. RDB-14-0114)

Dear Mr. Christopher:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 7, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

    1.    The Defendant agrees to plead guilty to the one-count Indictment, which charges him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as well as the attending Special Allegation (Prior Sex Offense Conviction), in violation of 18 U.S.C. § 2252A(b)(2). The Defendant admits that he is, in fact, guilty of that offense and the attending allegation and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are enumerated below.

### Possession of Child Pornography

a. That from in or about February of 2012 through April of 2012, the Defendant knowingly possessed and accessed a visual depiction with intent to view;

b. That the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

c. That the visual depiction was of one or minors engaged in sexually explicit conduct; and

d. That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

### Prior Sex Offense Conviction

a. The Defendant has a conviction under the laws of the State of Maryland; and

b. The conviction relates to the aggravated sexual abuse, sexual abuse and abusive sexual conduct involving a minor.

### Penalties

3.  The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is as follows: Possession of Child Pornography (involving images of a prepubescent minor) - twenty years imprisonment, followed by a term of lifetime supervised release, and a $250,000 fine. Because of the special allegation involving a prior sex offense conviction, the term of imprisonment shall be for not less than 10 years. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that, after he serves a term of imprisonment and is released and on supervised release, if he violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4. The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. ' 2250.

## Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. Had the Defendant not agreed to plead guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have had the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have had the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have had the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have had the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the

charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal a verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Further, by pleading guilty, the Defendant may face other collateral consequences as a result of his conviction including, but not limited to, the loss of his security clearances or the inability to own or carry firearms or restrictions on travel. The Defendant nevertheless affirms that he wants to plead guilty regardless of any potential collateral consequences.

### Advisory Sentencing Guidelines Apply

  6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

  7. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable Sentencing Guidelines factors:

### Possession of Child Pornography

a. The base offense level is 18 pursuant to U.S.S.G. § 2G2.2(a)(1).

b. Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two 2-level increase because the depictions involved prepubescent minors or minors under the age of twelve.

c. Pursuant to U.S.S.G. § 2G2.2(b)(4), there is a 4-level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

d. Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a 2-level increase because the possession involved the use of a computer.

e. Pursuant to U.S.S.G. § 2G2.2(b)(7)(B), the number of images was more than 150 images, and thus 3 levels are added, bringing the total offense level to **29**.

### Acceptance of Responsibility

f. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. (Total **26**)

### Rule 11(c)(1)(C) Plea

8. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 120 months, is the appropriate disposition of this case, unless it is discovered before sentencing that the Defendant had actual contact with a minor since his release from prison in 2009; at which point the government is free to recommend any sentence and the Court will not be bound by Rule 11(c)(1)(C), per this plea agreement, in fashioning a sentence. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend the sentence described above in Paragraph 8, to be served concurrently with any violation of Maryland state probation, unless there is any evidence discovered before sentencing that the Defendant had actual contact with a minor after his release from prison in 2009. At which point, paragraph 8 would be null and void, the guilty plea would be accepted by the Court and the government would be free to recommend any sentence up to and including the statutory maximum. The Defendant would not be able to withdraw his guilty plea for this reason.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Collection of Financial Obligations

11. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

12. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

13. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Forfeiture

14. The Defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, in accordance with 18 U.S.C. section 2253(a), and that the order of forfeiture will include not only the proceeds of the offenses to which he has agreed to plead guilty, but also property that was used or intended to be used to commit or to promote the commission of the offenses to which he has agreed to plead guilty.

15. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J),

32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant also represents that he is unaware of any third-party interest in any of the specific assets that he has agreed to forfeit, and that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### Assisting the Government with Regard to the Forfeiture

16. The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

17. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Waiver of Appeal

18. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives his rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: the Defendant and this Office reserves the right to appeal any sentence different from that described in Paragraph 9 above.

c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

19.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

20.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of

the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

21. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Mark W. Crooks
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6/4/14
Date

_____
Austin Portner

I am Austin Portner's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/4/14
Date

_____
Gary Christopher, Esq.

## ATTACHMENT A

*This Office and the Defendant stipulate and agree to the following facts that the United States would have proved beyond a reasonable doubt had this case proceeded to trial. They further stipulate and agree that these are not all of the facts that the United States would have proven.*

Austin Portner ("the Defendant"), age 54, was a resident of Hagerstown, Maryland and was employed in Pennsylvania. On November 14, 2002, the Defendant was convicted of Second and Third Degree Sex Offense(s) (Article 27 §§ 464a and 464b(A)(1), respectively) in Washington County, Maryland for having sexual contact with a ten-year-old victim.

In August 2012, Maryland State Police observed multiple handwritten letters between the Defendant and a person incarcerated at the Maryland Correctional Institute in Hagerstown for sexual offenses involving children, whom the Defendant referred to in his letters as "Big Brother." The mailings contained sketches of young children portrayed in lascivious manner with attending captions containing lewd descriptions of sexual contact with men. In addition, they contained fishing metaphors for the predation of children; for example, "having tender fish in the past", "find[ing] ... a few keepers", etc. The Defendant described looking at websites containing "swordfish," "catfish" and "guppies," terms for young boys, girls, and infants, respectively. The Defendant also explained that he had found a computer and that he was visiting "up lifting" websites for "fishermen with their catches." He described the website as "Really, really nice, all sizes and kinds of fish, doing what comes naturally!!!" One of the letters contained a photograph of two young girls whom the Defendant stated were located in Pennsylvania.

On February 11, 2013, the Defendant was interviewed by law enforcement. The Defendant stated that he met "Big Brother" while he was in prison and that they shared a mutual interest in sex with children. He further stated that he looked forward to the inmate's release from prison such that he could learn from him methods of attracting young children. The Defendant stated that, subsequent to his release from prison, he had viewed child pornography roughly 1 to 3 times per week from his residence on a netbook *initially* computer that linked to the WiFi network of a nearby coffees shop. The Defendant further stated that he had destroyed the computer and that he no longer owned or had access to any other form of computer, *but later corrected that statement, acknowledged owning a computer, and provided it to the authorities*

On February 11, 2013, law enforcement recovered an IBM laptop computer, model number 2374-BW8, from the Defendant's residence as well as additional letters between the Defendant and the inmate described as "Big Brother." A forensic examination of this computer revealed more than *200* images of visual depictions of minors engaging in sexually explicit conduct. Some of the images included photographs of young children and infants who are bound/restrained and subject to physical and sexual abuse.

Agreed to this 7th day of May, 2014

*[signature]*
Austin Portner